# COLUMBUS WATCH COMPANY *v.* ROBBINS.

CERTIFICATE FROM THE UNITED STATES CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 1242. Submitted March 7, 1893. — Decided March 27, 1893.

In order to give this court jurisdiction over questions or propositions of law sent up by a Circuit Court of Appeals for decision, it is necessary that the questions or propositions should be clearly and distinctly certi-

fied, and should show that the instruction of this court is desired in the particular case as to their proper decision.

A statement that one Circuit Court of Appeals has arrived at a different conclusion from another Circuit Court of Appeals on a question or proposition, is not equivalent to the expression of a desire for instruction as to the proper decision of a specific question, requiring determination in the proper disposition of the particular case.

The fact that a Circuit Court of Appeals for one Circuit has rendered a different judgment from that of the Circuit Court of Appeals for another Circuit, under the same conditions, may furnish ground for a *certiorari* on proper application.

THE case is stated in the opinion.

*Mr. M. D. Leggett* and *Mr. James Watson* for appellants.

*Mr. Lysander Hill* and *Mr. George S. Prindle* for appellees. *Mr. Frederick P. Fish* and *Mr. W. K. Richardson* also filed a brief for appellees.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

The record in this case consists of the following certificate, signed on the 10th day of October, 1892, by the judges then holding the Circuit Court of Appeals for the Sixth Circuit : ·

"This cause comes before this court by an appeal from the decree of the Circuit Court of the United States for the Eastern Division of the Southern District of Ohio sustaining the letters patent of the appellees and declaring that the appellants have infringed said letters patent and directing the issue of a perpetual injunction and ordering the statement of an account of profits and damages.

"The transcript presented to this court shows that the appeal was taken immediately from said decree before accounting was had. Both parties desire that this court should give a full hearing on the merits of said decree, so far as relate to the validity of the patent and infringement, and should enter a final decree in this court thereon, the parties agreeing between themselves to suspend accounting until the decision of this court can be had. This court, however, can-

not find that they have, under the 7th section of the act creating U. S. Circuit Appellate Courts, jurisdiction to grant such a hearing and enter such a final decree as is asked, because said decree of the Circuit Court is only an interlocutory decree and presents on appeal, under section 7, only the question whether the decree, for an injunction, interlocutory in fact, however final in form, was improvidently granted in the legal discretion of the court and involves only incidentally the question of the validity of the patent and the infringement complained of. The Circuit Court of Appeals for the Fifth Circuit under similar circumstances, after listening to adverse argument, in *Jones* v. *Munger &c. Co.*, 50 Fed. Rep. 785, held that said section 7 gave jurisdiction to the court, on agreement of parties, to render a final decree on the merits of the validity and infringement of the patent involved. As the judgment of this court differs from that of a coördinate court, the instruction of the Supreme Court is respectfully requested upon the question.

"It is therefore ordered that a copy hereof, certified under the seal of the court, be transmitted to the clerk of the Supreme Court of the United States."

By section sixth of the Judiciary Act of March 3, 1891, establishing Circuit Courts of Appeals, (26 Stat. 826, c. 517,) it is provided that the judgments or decrees of those courts shall be final in certain enumerated classes of cases, and, among them, in all cases arising under the patent laws, but that, in such cases, the Circuit Court of Appeals may certify to "the Supreme Court of the United States any questions or propositions of law concerning which it desires the instruction of that court for its proper decision. And, thereupon, the Supreme Court may either give its instruction on the questions and propositions certified to it, which shall be binding upon the Circuit Court of Appeals in such case, or it may require that the whole record and cause may be sent up to it for its consideration, and thereupon shall decide the whole matter in controversy in the same manner as if it had been brought there for review by writ of error or appeal."

And it is also provided, in respect of cases in which the judg-

ments and decrees of the Circuit Courts of Appeals are made final, that " it shall be competent for the Supreme Court to require, by *certiorari* or otherwise, any such case to be certified to the Supreme Court for its revision and determination, with the same power and authority in the case as if it had been carried by appeal or writ of error to the Supreme Court." Thus, in the interest of jurisprudence and uniformity of decision, the supervision of this court, by way of advice or direct revision, is secured.. *In re Woods, Petitioner*, 143 U. S. 202; *Lau Ow Bew, Petitioner*, 141 U. S. 583; 144 U. S. 47, 58.

In order, however, to invoke the exercise of our jurisdiction in the instruction of the Circuit Courts of Appeals as to the proper decision of questions or propositions of law arising in the classes of cases mentioned, it is necessary that such questions or propositions should be clearly and distinctly certified, and that the certificate should show that the instruction of this court as to their proper decision is desired.

It was long ago settled, under the statutes authorizing questions upon which two judges of the Circuit Court were divided in opinion to be certified to this court, that each question so certified must be a distinct point or proposition of law, clearly stated, so that it could be definitely answered; *Perkins* v. *Hart*, 11 Wheat. 237; *Sadler* v. *Hoover*, 7 How. 646; *Jewell* v. *Knight*, 123 U. S. 426, 432; *Fire Ins. Assoc.* v. *Wickham*, 128 U. S. 426; and that if it appeared upon the record that no division of opinion actually existed among the judges of the Circuit Court, this court would not consider a question as certified even though it were certified in form. *Railroad Co.* v. *White*, 101 U. S. 98; *Webster* v. *Cooper*, 10 How. 54; *Nesmith* v. *Sheldon*, 6 How. 41.

We regard the certificate before us as essentially defective. It does not specifically set forth the question or questions to be answered, and, apart from that, it does not state that instruction is desired for the proper decision of such question or questions. On the contrary, it appears therefrom that the court had arrived at a conclusion, nothing doubting, (for reasons, we may remark, given in its opinion reported in 52 Fed. Rep. 337,) but that, because the Circuit Court of Appeals

for another circuit had reached the opposite conclusion, under similar circumstances, the request for instruction is preferred.

While the fact that the Circuit Court of Appeals for one circuit has rendered a different judgment from that of the Circuit Court of Appeals for another, under the same conditions, might furnish ground for a *certiorari* on proper application, the assertion of the existence of such difference and of the wish that it might be determined by this court is not equivalent to the expression of a desire for instruction as to the proper decision of a specific question or questions requiring determination in the proper disposition of the particular case. The difference can only exist when the courts have actually reached contradictory results, but each must proceed to its own judgment, unless such grave doubts arise as to induce the conviction that this court should be resorted to for their solution in the manner provided for.

As in our judgment this certificate is not in compliance with the statute, we must decline to certify any opinion upon the matters involved, and direct the cause to be

*Dismissed.*