# GRAVER *v.* FAUROT.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE
SEVENTH CIRCUIT.

No. 779. Submitted February 4, 1896. — Decided April 13, 1896.

A Circuit Court of Appeals has no power under the Judiciary Act of 1891 to certify the whole case to this court; but can only certify distinct points or propositions of law, unmixed with questions of fact or of mixed law and fact.

The question propounded in this case amounts to no more than an inquiry whether, in the opinion of this court, there is an irreconcilable conflict between two of its previous judgments, and a request, if that is held to be so, that an end be put to that conflict; and this is not a question or a proposition of law in a particular case, on which this court is required to give instructions.

This case coming on to be heard on appeal from the Circuit Court of the United States for the Northern District of Illinois, in the United States Circuit Court of Appeals for the Seventh Circuit, that court ordered that a statement of facts and a question be certified to this court for its opinion and instruction.

It appears from the statement of facts that William Graver filed a bill in the Superior Court of the county of Cook in the State of Illinois to impeach for fraud a decree in equity rendered by that court, July 6, 1889, in a certain suit therein depending, wherein William Graver was complainant and Benjamin C. Faurot and A. O. Bailey were defendants, by which decree complainant's bill was dismissed for want of equity; and that the suit was duly and properly removed into the Circuit Court of the United States for the Northern District of Illinois.

The bill thus filed was set forth *in haec verba,* together with a demurrer thereto; the decree of the Circuit Court sustaining the demurrer and dismissing the bill; and the opinion rendered by the Circuit Court on entering that decree.

The certificate then proceeded thus: " In view of the deci-

sions of the Supreme Court of the United States in the cases of *The United States* v. *Throckmorton*, 98 U. S. 61, and *Marshall* v. *Holmes*, 141 U. S. 589, this court is in doubt touching the case in hand, and desires advice and instruction upon the following question: Whether (assuming the bill of complaint to be in other respects sufficient) the alleged false swearing and perjury in the respective answers of defendants in the original suit in the Superior Court of the county of Cook, State of Illinois, are, in the law, available in this suit as ground for a decree setting aside and declaring void the decree so rendered in the Superior Court of the county of Cook?"

*Mr. Robert Rae* and *Mr. Henry S. Monroe* for appellant.

*Mr. Frank L. Wean* and *Mr. Frank O. Lowden* for appellee.

Mr. Chief Justice Fuller, after stating the case, delivered the opinion of the court.

It appears from the opinion of the Circuit Court, sent up as part of the certificate and reported in 64 Fed. Rep. 241, that that court was impressed with the conviction that the complainant had been defrauded, but that the court could see no way to accord relief under the decision in *United States* v. *Throckmorton*, 98 U. S. 61, although the result might be different if the decision in *Marshall* v. *Holmes*, 141 U. S. 589, were followed. In other words, the Circuit Court indicated that it could have proceeded without difficulty on the principles expounded in either case if the other were out of the way. Finding it impossible to reconcile these cases, or to make a definitive choice between them, because *United States* v. *Throckmorton* was cited without disapproval in *Marshall* v. *Holmes*, the Circuit Court sustained the demurrer *pro forma*, and the case was transferred to the Circuit Court of Appeals. But when this had been accomplished the Court of Appeals apparently found itself in a similar quandary, and this resulted in the certificate under consideration.

Doubtless the determination of contested questions in cases properly brought before us involves the resolution of doubts,

.if any are entertained, in respect of the scope of particular decisions, but we cannot approve of the mode adopted in this case of ascertaining the precise bearing of former judgments.

In civil cases the intention of Congress as to the certification provided for in sections five and six of the act of March 3, 1891, 26 Stat. 826, c. 517, is to be arrived at in the light of the rules prevailing prior to that date in relation to certificates of division of opinion under sections 650, 652 and 693 of the Revised Statutes. *Maynard* v. *Hecht,* 151 U. S. 324. It was well settled as to them that each question had to be a distinct point or proposition of law, clearly stated, so that it could be definitely answered without regard to other issues of law in the case; that each question must be a question of law only and not of fact, or of mixed law and fact, and hence could not involve or imply a conclusion or judgment on the weight or effect of testimony or facts adduced in the cause; and could not embrace the whole case, even where its decision turned upon matter of law only, and even though it were split up in the form of questions. *Jewell* v. *Knight,* 123 U. S. 426, 432; *Fire Ins. Association* v. *Wickham,* 128 U. S. 426.

By the sixth section of the Judiciary Act, the Circuit Court of Appeals is not permitted to certify the whole case to us, though we may require that to be done when questions are certified, or may bring up by certiorari any case in which the decision of that court would otherwise be final. But here the entire record is transmitted as part of the certificate, and the answer to the question propounded contemplates an examination of the whole case. It is true that the Court of Appeals asks us to assume the bill of complaint to be "in other respects sufficient," that is, sufficient to entitle complainant to relief, if the fraud alleged were available. But if we should find that the bill was insufficient when tested by principles accepted in both the cases referred to, we should be indisposed to return an answer not required for the disposition of the case. In any view we should be compelled, in answering, to analyze the facts charged, in order to determine whether in legal effect they raise the question involved in *Marshall* v. *Holmes* or that involved in *United States* v. *Throckmorton,* assuming that the

legal effect of the facts in those two cases was not the same; or, if it were, to determine whether the facts set up here fall within the same category, and direct which decision should govern.

This practically requires us to pass upon the whole case as it stands, and to decide whether the demurrer was properly sustained or not.

But the whole case is not before us for decision, and the certificate discloses that the doubt of the courts below is based on the assumption that this court has applied well-settled general principles of law differently in two different cases upon the same state of facts. While some hesitation in decision may temporarily result until it is finally determined whether that assumption is justified, and, if justified, the anomaly is corrected, we think such determination ought not to be attempted save where the point must be disposed of on a record after final decree.

In the absence of power to deal with the whole case, the question amounts to no more than an inquiry as to whether in our opinion there is an irreconcilable conflict between two of our previous judgments, and a request, if we hold that to be so, that we put an end to that conflict. We do not regard these as questions or propositions of law in a particular case on which we are required to give instruction.

*Certificate dismissed.*