## THE HORACE B. PARKER.

### CHISHOLM et al. v. ABBOTT et al.

(Circuit Court of Appeals, First Circuit. May 22, 1896.)

No. 140.

1. ADMIRALTY PLEADING — AMENDMENTS AFTER DECISION ON APPEAL — COLLISION.

The answer to a libel for collision averred, among other things, that there was a heavy vapor or mist, and that the night was very thick, and charged that libelants' vessel failed to sound any fog horn. Respondents' vessel having been held solely in fault, they appealed, and in the appellate court insisted, both orally and in their brief, upon the allegations in question. The appellate court held that these allegations were a conclusive admission that defendants' vessel was herself bound to make fog signals, and, not having done so, was in fault. Thereupon defendants applied for leave to amend their answer by striking out the allegations in question. Held, that there was no equity in the application, and the same must be denied.

2. CIRCUIT COURT OF APPEALS—CERTIFYING QUESTIONS TO SUPREME COURT.

An application to certify certain questions to the supreme court for decision denied, even if the court has power to certify after judgment, because the case presents no peculiarities rendering such action appropriate.

Appeal from the District Court of the United States for the District of Massachusetts.

This was a libel in rem by William V. Abbott and others, owners of the schooner pilot boat D. J. Lawler, against the fishing schooner Horace B. Parker, to recover damages arising from a collision by which the Lawler was sunk and lost. The district court held the Parker solely in fault, and the claimants appealed. On January 9, 1896, this court reversed the decree, and remanded the cause, with directions to enter a decree dividing equally the damages and the costs of both courts. See 18 C. C. A. 406, 71 Fed. 989. In the answer of the Horace B. Parker, there was an allegation "that there was a heavy vapor or mist at the time, and the night was very thick"; and one of the charges made therein against the Lawler was that she "did not sound a fog horn, or use any other signal required by law under the circumstances." One of the grounds upon which the decree of reversal was based was that these allegations constituted a conclusive admission on the part of the Parker that the conditions were such that she herself was bound to sound a fog horn, and, having failed to do so, she was necessarily in fault. In view of this admission, the court stated that it found it unnecessary to weigh the proofs on the question whether there was a mist which rose high enough to obscure the lights of the vessels respectively.

After this court had rendered the foregoing decision, the appellants presented a motion for leave to amend, or to apply to the court below for permission to amend, their answer, by striking out the allegations in respect to the existence of the mist and the omission of the Lawler to sound a fog horn. At the same time they also filed the following petition to certify questions of law to the supreme court: "John Chisholm and William H. Thomas, the claimants, appellants in the case above named, respectfully request the circuit court of appeals to certify to the supreme court of the United States for its decision the following questions. They request the court to certify the question: (1) Whether, when the answer of the claimants, in a cause of collision, in admiralty, contains an allegation that there existed vapor or mist at the time of said collision (said allegation not being responsive to any of the allegations of the libel, and not being admitted by the libelants), and charges that the libelants were negligent (among other acts of negligence) in that they did not sound a fog horn, said answer being sworn to upon information and belief only, and it appearing from the testimony that the claimant who so verified the answer had no personal knowledge of the facts so alleged, said allegation, or charge of the negligence of the libelants, constitutes a conclusive admission of negligence on the part of the claimants, if they failed to sound a fog horn, although the testimony in the case negatives the existence of said vapor or mist. They also request the court to certify the question: (2) Whether, in said cause, the court of appeals having held the vessel of the libelants in fault for failure to exhibit proper side lights, the vessel of the claimants should be condemned for one-half of the damages in said cause, because of the allegation and charge in the answer, above stated, although the testimony in the case failed to prove said allegation. They also request the court to certify the question: (3) Whether, under the circumstances stated in question 1, above, the court of appeals is justified in refusing to examine the evidence of the existence or nonexistence of said vapor or mist."

Edward S. Dodge and John J. Flaherty, for appellants.
Eugene P. Carver and Edward E. Blodgett, for appellees.

Before COLT and PUTNAM, Circuit Judges, and NELSON, District Judge.

PER CURIAM. With reference to the petition for leave to apply to the district court for permission to amend, the allegations sought to be amended were framed with such deliberation as they now stand, that at the hearing of the cause in this court they were insisted on by the petitioners, both orally and in their brief. There

is no equity in the application. If we have the power, after judgment, to certify this case to the supreme court (Watch Co. v. Robbins, 148 U. S. 266, 13 Sup. Ct. 594), we see in it no such peculiarities as render it appropriate that we should do so. It is full time the litigation in this court should cease. The petitions that leave to amend may be reserved, and for a certificate to the supreme court, are denied.