## CROSS v. EVANS.

CERTIFICATE FROM THE COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 268. Argued and submitted April 2, 1897. — Decided May 10, 1897.

Under the judiciary act of 1891 a Circuit Court of Appeals has no power to certify the whole case to this court, but can only certify distinct questions or propositions, unmixed with questions of fact or of mixed law and fact; and the questions certified in this case are clearly violative of this settled rule.

THE case is stated in the opinion.

*Mr. James Hagerman, Mr. F. C. Dillard* and *Mr. T. S. Miller* for plaintiffs in error submitted on their brief.

*Mr. Rush Taggart* for defendant in error.

MR. JUSTICE WHITE delivered the opinion of the court.

The action below was commenced in September, 1890, by Evans in a Texas state court against Cross and Eddy as receivers of the Missouri, Kansas and Texas Railway Company, a corporation of the State of Kansas, to recover damages for personal injuries sustained within the State of Texas while acting as brakeman upon a train running over a branch line of said railway system while it was being operated by the receivers. On the petition of the receivers, the cause was removed into the Circuit Court of the United States for the

Eastern District of Texas. Subsequently the railway properties were returned to the Kansas company, and in the fall of 1891 that company transferred its lines of railroad to a new corporation, styled the Missouri, Kansas and Texas Railway Company of Texas. The receivers were finally discharged in the month of July, 1892. In August, 1893, service was had on the Texas company under a second amended petition, in which the Texas company was made a co-defendant with the receivers, its liability to the plaintiff being asserted to arise from the terms of the order of the Circuit Court directing the receiver to surrender the property to the Kansas company, and upon the provisions of a special act of the legislature of Texas authorizing the sale by the Kansas company of its properties and subjecting the purchaser to the payment of all the liabilities of the Kansas company. Demurrers to the jurisdiction as also to the merits of the amended petition were filed and overruled, and an answer was interposed by the Texas company, which was adopted by the receivers, by way of amendment, the latter then setting up for the first time their discharge in bar of further proceedings.

The cause was tried upon the issues made by the second amended petition and the answers thereto, and a verdict was returned against the Texas company for the sum of $7500. By direction of the court, the jury found in favor of the receivers. The cause was then taken by writ of error to the Circuit Court of Appeals for the Fifth Circuit, and, on the hearing, that court certified to this court, under the judiciary act of 1891, a statement, declared to consist of matter appearing in the transcript of record filed in that court, and the instructions of this court were requested upon four propositions of law, as being desired "for the proper disposition of the questions arising herein." Following the questions propounded was a direction that "certified copies of the printed record and briefs on file in this case be transmitted with this certificate to the honorable the Supreme Court of the United States."

What may be termed the statement of facts embraces a recital of the various steps in the litigation, and what pur-

ports to be the substance of the contents of the various plead-ings filed in the cause, and the assignments of error (ten in number) filed by the defendants in error in the Circuit Court of Appeals, the latter document being set out *in extenso*, and being followed by the recital that "all of the questions presented by the assignments of error were duly made in the Circuit Court, and the adverse rulings thereon are duly shown by exceptions made and saved on the trial."

In the statement, attention is called to the fact that the plaintiff in his original petition asserted that the wreck which occasioned his injury was caused by a defective drawhead, while in the amended petition, filed more than a year after the injury was sustained, it was alleged that the roadbed and track at the place and time where and when the derailment happened were in a defective and unsafe condition.

It was also specifically stated that the pleadings of the plaintiff contained no allegation that any betterments had been put upon the road by the receivers while they were in charge, and that at the trial no evidence was offered on the subject.

The assignments of error reiterated in various forms the objections taken prior to the trial to the sufficiency of the second amended complaint, also the objections taken to the refusal of the trial court to sustain exceptions to its jurisdiction based upon the fact that the plaintiff and the Texas company were citizens of the same State, and that the action had abated by the discharge of the receiver, and objections raised by the plea of the statute of limitations. The fifth assignment of error was to the refusal of the court to return a verdict for the defendants, among other reasons, because the plaintiff did not allege or prove that earnings had been applied by the receivers to betterments upon the road, or that the road had been returned to the Kansas com-pany enhanced in value by said betterments. The questions propounded read as follows:

"I. Under the facts of the case, as shown by the pleadings and hereinbefore recited, was the Missouri, Kansas and Texas Railway Company of Texas properly made a co-defendant with the receivers Cross and Eddy?

" II. Under the facts of the case, as shown by the pleadings and hereinbefore recited, had the Circuit Court of the United States for the Eastern District of Texas jurisdiction and authority to try and determine the issues arising on the record between the plaintiff Evans and the defendant the Missouri, Kansas and Texas Railway Company of Texas, and give judgment accordingly?

" III. If the first and second questions or either of them are answered in the negative, has this court, under the writ of error jointly sued out by the receivers Cross and Eddy, and the Missouri, Kansas and Texas Railway Company of Texas, jurisdiction and authority to reverse *in toto* the judgment of the Circuit Court and direct a dismissal of the case as against the Missouri, Kánsas and Texas Railway Company of Texas and award a new trial as against Eddy and Cross, receivers?

" IV. In case this court is without authority to reverse the judgment of the Circuit Court in favor of Cross and Eddy, receivers, the same not having been complained of by the defendant in error, and in case the first two questions herein certified shall be answered in the negative, has this court authority to reverse the judgment of the Circuit Court and remand the cause with instructions to remand the whole cause back to the state court from which it was originally removed?"

In *Graver* v. *Faurot*, 162 U. S. 435, it was held that a Circuit Court of Appeals has no power under the judiciary act of 1891 to certify the whole case to this court, but can only certify distinct questions or propositions of law, unmixed with questions of fact or of mixed law and fact. The questions certified in the case at bar are clearly violative of this rule, as, in effect, the entire record is sent up, and, by the general questions propounded, the labor is imposed upon this court of determining the whole case and all questions of law which may be lurking in the record.

Thus, in the briefs filed in this court and in the court below, counsel discuss the effect of sections 2 and 6 of an act of the legislature of Texas approved March 19, 1889, which it is claimed

affected pending receiverships, whether created by a court of the State of Texas or by a Federal court, and absolutely fixed the liability both of the Kansas company and the Texas company to pay any valid claims which might be asserted against the receivers, and also authorized the joinder of the Texas company as a co-defendant with the receivers in any pending suit. Whether such was the effect of the statute would seem to be a question or proposition of law entering into a consideration of the general questions propounded. The certificate, however, contains no allusion to the point. So, also, in briefs filed here and below, the question is presented of the effect of a general statute of Texas enacted in 1891, which authorized the formation of corporations for the purchase of railroads, under which statute the Texas company was organized. It is argued in the briefs that upon a proper construction of that law it imposed upon the Texas company a liability to the plaintiff irrespective of any order of the Federal court in the foreclosure suit, and it is further contended that this statute was competent authority for the joinder of the Texas company in the pending suit against the receivers. This is clearly a separate and distinct proposition of law, essential to be passed upon in considering the general questions certified, though the point is not expressly referred to in the certificate. So, also, there is no mention in the statement of facts that plaintiff in his second amended petition averred that the Texas company was liable to pay plaintiff's claim, by reason of the order of the Federal court in the foreclosure suit directing the surrender of the property by the receivers to the Kansas company. That order is not set out in the statement, but the sections of the order upon which the plaintiff relied below were introduced in evidence at the trial and appear in the record filed in the Circuit Court of Appeals. Thus another distinct proposition of law, viz., as to the legal meaning and effect of that order, is plainly latent in the record. So, also, the general questions certified might call for a consideration of whether in the event that a liability was not imposed upon the Kansas company by the order of the Federal court, a liability resulted by reason of the character of the claim of plain-

tiff, and the fact that the property of the Kansas company was returned to it by its procurement without actual foreclosure, irrespective of the fact whether or not betterments had been put upon the property with moneys earned during the operation of the road by the receivers. Again, a distinct proposition of law results from the record, dependent upon an affirmative answer to the last proposition, as to whether the cause of action against the receivers abated by their discharge, and whether the claim against the Texas company was a new and independent cause of action to be tried and disposed of in a distinct action, or was a claim in the nature of a demand against a purchaser *pendente lite,* and a mere continuance of the pending action.

These illustrations clearly show that the questions propounded are general in their nature, and amount simply to submitting the whole case upon the entire record to this court for decision, and therefore that the questions certified can in no sense be treated as stating distinct propositions of law. From this conclusion it follows that the certificate does not comply with the rules of law controlling the subject, and it must, therefore, be dismissed, and

*It is so ordered.*

MR. JUSTICE BROWN dissented, and MR. JUSTICE BREWER, not having heard the argument, took no part in the decision of this case.