## GERMAN INS. CO. et al. v. HEARNE.

### (Circuit Court of Appeals, Third Circuit. October 10, 1902.)

### Nos. 24–32.

1. CIRCUIT COURTS OF APPEALS—CERTIFYING QUESTIONS TO SUPREME COURT.
     A circuit court of appeals has no authority to certify a case to the supreme court for decision, but only to certify questions or propositions of law concerning which it desires the instruction of the supreme court for its proper decision of the case.

2. SAME.
     A circuit court of appeals has no authority to certify a question or proposition of law to the supreme court on motion of a party unless the judges consider such question doubtful, and can certify that they desire the instruction of the supreme court thereon, to enable them to determine it properly.

On Motion to Certify Cases to the Supreme Court.
For opinion, see 117 Fed. 289.

Before GRAY, Circuit Judge, and BRADFORD and McPHERSON, District Judges.

J. B. McPHERSON, District Judge. The motion before the court is in these words:

"And now, September 12, 1902, plaintiff, by his attorney, Willis F. McCook, moves this court to vacate and set aside the judgment directed to be entered in the said suits, and to certify the same to the supreme court of the United States for its decision."

In our opinion, the motion must be refused, for two reasons:

1. We are asked to certify "the same" (that is, either the "judgment" or the "said suits") to the supreme court for its decision, and this we have no authority to do. The sixth section of the act of March 3, 1891, creating the circuit courts of appeals (1 Supp. Rev. St. 903; U. S. Comp. St. 1901, p. 549), does not empower us to certify a "case" to the supreme court, but only to certify "any questions or propositions of law concerning which [this tribunal] desires the instruction of that court for its proper decision" (U. S. v. Union Pac. R. Co., 168 U. S. 505, 18 Sup. Ct. 167, 42 L. Ed. 559).

2. If the motion is to be treated as an application to rehear the cases, and, pending the rehearing, if this should be granted, to certify a question or proposition to the supreme court, we are equally without authority to grant such a request, because we cannot truthfully declare that the question or proposition of law that underlies the judgments recently entered in this court, but is believed by the defendant in error to have been wrongly decided, is a question or proposition concerning which we desire the instruction of the supreme court in order that we may properly determine it. The circuit court of appeals was unanimous in its opinion, and none of the judges who then constituted the court considered then, or now considers, that the point in controversy was so doubtful that instruction thereon should be asked from the ultimate tribunal. Of course, our conclusion may have been erroneous, but, so long as we believe in its soundness, we cannot properly give the certificate required by the act: Watch Co. v. Robbins, 148 U. S. 266, 13 Sup. Ct. 594, 37 L. Ed. 445.

The motion is denied.