## BIDDLE, WARDEN OF THE UNITED STATES PENITENTIARY AT LEAVENWORTH, KANSAS, *v.* LUVISCH.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 96.   Argued October 21, 1924.—Decided November 17, 1924.

A certificate from the Circuit Court of Appeals should submit definite questions of law arising upon the record and not send up in effect the whole case.   Only substantial matters in approved form should be so presented.

Certificate dismissed.

CERTIFICATE from the Circuit Court of Appeals asking instructions, in a case of *habeas corpus* appealed to it from the District Court.   The body of the certificate is given below in a footnote.[1]

---

[1] The appellee had been indicted in the District Court of the United States for the Eastern District of Michigan in three counts, to which he entered a plea of guilty, and thereupon was sentenced to confinement in the United States Penitentiary at Leavenworth, Kansas, for five years.   While in prison he applied to the District Court of the United States for the District of Kansas for a writ of *habeas corpus,* and upon a hearing of the petition a judgment was entered discharging him from imprisonment on the ground that none of the three counts in the said indictment to which he had entered a plea of guilty and was sentenced, constituted a violation of any law of the United States.   Each of the three counts is based upon the same facts, except that the first count charges the making of a plate to be in the likeness and similitude of certain plates designed by the Dominion of Canada, a foreign government, for the printing of the genuine issues of certain obligations and securities of said Government.   The second count charges him with possession of that plate, and the third count charges him with the sale of 1,200 counterfeit prints from said plate in the likeness and similitude of the genuine obligations and securities of that foreign Government.   The description of these securities and obligations of the Dominion of Canada is set out in each count, and for this reason we deem it

*Mr. Assistant Attorney General Donovan,* with whom *Mr. Solicitor General Beck* and *Mr. Harry S. Ridgely* were on the brief, for Biddle, Warden.

*Mr. I. J. Ringolsky,* with whom *Mr. L. S. Harvey, Mr. M. L. Friedman* and *Mr. Wm. G. Boatright* were on the briefs, for Luvisch.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

This certificate fails to meet often announced requirements and must be dismissed. It does not submit one

only necessary to set out the first count of the indictment, which differs from the other counts only as stated. That count, omitting the jurisdictional allegations, charges that the defendant " did then and there unlawfully, wilfully, feloniously and knowingly, and without lawful authority, cause and procure to be made and engraved a certain zinc half-tone plate in the likeness and similitude of certain plates and impressions designated by a certain foreign government, to wit, the Dominion of Canada, for the printing of the genuine issues of certain obligations and securities of the said foreign government, to wit, certain inland excise stamps of the denomination of one cent, bearing the following words and figures, to wit: The numerals ' 1912 ' at each end and in the center of said stamp, and the words ' Certified manufactured in the year '; and the signature of, to wit, ' J. W. Vincent,' and a large scroll numeral ' 1,' all on the left side of the center of said stamp, and in the center thereof the word ' Ottawa ' above the numerals ' 1912,' and beneath said. numerals the word ' Canada,' and on the right of the center of said stamp appears first the word ' cent ' and then ' bottled in bond under excise supervision, Deputy Minr. Inland Revenue.' "

It is further certified that the following question of law is presented by the appeal prosecuted by.the warden of said penitentiary, the respondent in the court below, the decision of which is indispensable to a determination of the case, and to the end that this court may properly discharge its duty, it desires the instruction of the Supreme Court upon it:

Do the counts of the indictment, or any of them, charge the commission of a criminal offense against the United States as in violation of §§ 147 and 161 of the Act of March 4, 1909 (35 Stat. 1088) known as the Penal Code of 1910?

or more definite questions of law arising upon the record but, in effect, asks decision of the whole case. *Waterville v. Van Slyke,* 116 U. S. 699, 700, 704; *Jewell v. Knight,* 123 U. S. 426, 433; *Cross v. Evans,* 167 U. S. 60, 63, 65; *United States v. Union Pacific Ry. Co.,* 168 U. S. 505, 512, 513; *Chicago, Burlington & Quincy Ry. Co.* v. *Williams,* 205 U. S. 444, 452; *Hallowell v. United States,* 209 U. S. 101, 106, 107.

The constantly increasing demands upon us make it highly important that only matters which are both substantial and in approved form should be presented.

*Certificate dismissed.*