HUBBARD *v.* BIBB BROKERAGE CO. HOOD *v.* THE SAME.

No. 8071. MARCH 13, 1931.

*E. F. Goodrum, R. L. Smith,* and *J. L. R. Boyd,* for plaintiffs in error.

*Nottingham & Nottingham, Luther U. Bloodworth,* and *R. R. Jackson,* contra.

GILBERT, J. The constitution of Georgia, art. 6, sec. 2, par. 9, Civil Code (1910), § 6506, in part, provides that "where a case is pending in the Court of Appeals and the Court of Appeals desires instruction from the Supreme Court, it may certify the same to the Supreme Court, . . which, after having afforded to the parties an opportunity to be heard thereon, shall instruct the Court of Appeals on the question so certified. . . The manner of certifying questions to the Supreme Court by the Court of Appeals, and the subsequent proceedings in regard to the same in the Supreme Court, shall be as the Supreme Court shall by its rules prescribe, until otherwise provided by law." This court has consistently applied and followed the practice of the Supreme Court of the United States in considering certified questions under the above-stated provision of the State constitution. Our constitutional provision was conceived on and patterned after the Federal provisions for certifying questions from inferior Federal courts to the Supreme Court.

The most recent decision of the Supreme Court of the United States touching the character of questions which that court will

answer is in White *v.* Johnson, 282 U. S. 367 (51 Sup. Ct. 115, 75 L. ed. 137), where the unanimous opinion of the court is expressed by Mr. Justice Roberts. In the opinion it is said: "The court has repeatedly held that it will not answer questions of objectionable generality. . . And a question is improper which is so broad and indefinite as to admit of one answer under one set of circumstances and a different answer under another." Some of the questions propounded were not answered because "contingent on the first" question. In regard to another question, the court refused to answer it because it was "contingent on the first question," but Mr. Justice Roberts pointed out another objection: "An answer would involve merely an examination of the act and a determination whether on its face it violates the Fifth Amendment. Neither this court nor the court below is authorized to answer academic questions. The constitutionality of a statute is not drawn into question except in connection with its application to some person, natural or artificial. . . It would be subversive of all established principles were courts, in litigations between parties, who have reciprocal rights under the Constitution, to settle their controversies by broad statements to the effect that acts of Congress are unconstitutional upon their face; and this not only in ignorance of the circumstances and manner of the application of the statute by the administrative body, but with knowledge that the party complaining had failed to pursue the remedy provided by law." In *Louisville & Nashville R. Co.* v. *Hood,* 149 *Ga.* 829, 835 (102 S. E. 521), the following appears: "The Supreme Court of the United States, speaking through Mr. Justice Gray, held that each question certified must be a distinct question or proposition of law clearly stated, so that it could be definitely answered without regard to other issues of law or of fact in the case. He said: 'The points certified must be questions of law only, and not questions of fact, or of mixed law and fact—'not such as involve or imply conclusions or judgment by the court upon the weight or effect of testimony or facts adduced in the cause. . . The whole case, even when its decision turns upon matter of law only, can not be sent up by certificate of division.' Citing the following cases: Jewell *v.* McKnight, 123 U. S. 426 (8 Sup. Ct. 193, 31 L. ed. 190) ; Chicago &c. Ry. *v.* Williams, 205 U. S. 444, 452 (27 Sup. Ct. 559, 51 L. ed. 875) ; The Flomina, 212 U. S. 354 (29 Sup. Ct. 363, 53 L. ed.

546, 15 Ann. Cas. 748) ; U. S. v. Mayer, 235 U. S. 55 (35 Sup. Ct. 16, 59 L. ed. 129)." Other decisions of the Supreme Court might be cited, holding substantially to the same rule.

Measured by the decisions of this Court, based upon those of the Supreme Court, the questions propounded in the present instance will not be answered. It will be observed that a number of answers are requested which are dependent upon different facts. This court is requested to decide whether an assignee has "become vested with legal title upon the theory of an executed trust by the assignor or otherwise." Without knowing the exact terms of the material portion of the contract, it can not be decided whether the assignee acquired the legal title, and especially whether such legal title has been acquired "upon the theory of an executed trust by the assignor." Even if those questions could be decided, under no conditions would this court undertake to decide whether the assignee became vested with legal title "otherwise" than upon the theory of an executed trust. Such an undertaking would plunge the court into a sea of uncertainties, which is not required. Then this court is asked: "Can the assignee, upon this legal title, or upon any other ground, maintain a suit against the assignor," etc. In the first place, as stated above, it can not be definitely ascertained whether the assignor has acquired legal title. Certainly, if he has not, this court will not undertake to decide whether the assignee "upon any other ground can maintain a suit." Then follows the question: "If the assignee can so recover, is the debt which thus arises from the assignor to the assignee one which is exempt from discharge in bankruptcy under section 17 of the national bankruptcy act of 1898 as amended," etc. This question, being dependent upon the right of the assignor to recover, obviously can not be answered, since, for reasons stated above, we are not returning an answer to the question whether or not the assignee can recover.

The second and third questions are both dependent on the right of the assignor to recover, and inquire whether the right arises ex delicto for a tortious conversion by the assignor of property or money belonging to the assignee, or ex contractu for a breach of contract, either express or implied; and if the assignee has no right to recover ex delicto, can the assignee's petition, in a suit by him against the assignor in which the assignee seeks to recover ex delicto for a conversion of property belonging to him, be construed as

alleging a right in the assignee to recover ex contractu on an implied contract of the assignor to pay money to the assignee, where the petition alleges the assignment, the collection of the money by the assignor from his debtor, and the assignor's failure to pay over to the assignee a portion of the fund belonging to the assignee? This court has repeatedly said that it is not required to look into the record to ascertain additional facts, and that it will merely answer the questions properly framed, as they are stated. The questions propounded seem to cover a wide scope of contingencies. Under these circumstances the court declines to answer.

*All the Justices concur, except Russell, C. J., who concurs in the general principles stated in the headnote, but who dissents from.the application of the facts stated to the questions in these cases.*