GORMLEY, superintendent of banks, *v.* SLICER *et al.*

No. 9647. JULY 14, 1933.

*C. N. Davie* and *J. F. Kemp,* for plaintiff.

*Alston, Alston, Foster & Moise, Philip Wellner, John W. Crenshaw, Pearce Matthews, Paul S. Etheridge & Sons,* and *F. A. Hooper,* for defendants.

GILBERT, J. ■ Under the provision of the constitution with reference to the certification of questions by the Court of Appeals to the Supreme Court, as previously construed by this court, "each question certified must be a distinct question or proposition of law clearly stated so that it could be definitely answered without regard to other issues of law or of fact in the case." A question must not contain inferences drawn either from the pleadings or from the evidence. The first question can not be answered, because it is not framed in accordance with the rules above stated. *Hubbard* v. *Bibb Brokerage Co.,* 172 *Ga.* 520, and cit., supra. In that case it was also said: "This court has consistently applied and followed the practice of the Supreme Court of the United States in considering certified questions under the above-stated provisions of the State constitution. Our constitutional provision was conceived on and patterned after the Federal provisions for certifying questions from inferior Federal courts to the Supreme Court." The rulings made by the Supreme Court and followed by this court have been, without exception, in line with what was ruled in *Hubbard* v. *Bibb Brokerage Co.* Graver v. Faurot, 162 U. S. 435 (16 Sup. Ct. 799, 40 L. ed. 1030); Warner v. New Orleans, 167 U. S. 467 (17 Sup. Ct. 892, 42 L. ed. 239); McHenry v. Alford, 168 U. S. 651 (18 Sup. Ct. 242, 42 L. ed. 614); Felsenheld v. U. S., 186 U. S. 126 (22 Sup. Ct. 740, 46 L. ed. 1085); Biddle v. Luvisch, 266 U. S. 173 (45 Sup. Ct. 88, 69 L. ed. 229).

The first question propounded states that the prayers in this petition "are essentially similar to those" in *Mobley* v. *Shannon,* 169

*Ga.* 876 (supra). It is not a sufficient compliance with the rules above stated to refer to a former case decided by this court and to certify that the prayers and the allegations of the petition in this case are "essentially similar" to the case mentioned. Such certification necessarily. includes an inference or opinion on the question as to whether the allegations and prayers are "essentially similar." This court can not base an answer upon an inference so made. Whether there is essential similarity and what effect essential similarity must have could not be properly answered without referring to the petition in the case mentioned. To do that would require us to depart from the rule that the question must be complete within itself. The Supreme Court, whose practice we follow, in these matters has distinctly ruled that such a question will not be answered. Moreover, the reference to the allegations in *Mobley* v. *Shannon,* 169 *Ga.* p. 876, may have had the effect of causing counsel for the defendant in error to refer at length in their brief to the allegations not embraced in the certified question, but to be found in the pleadings. This tended to unduly extend the length of the brief and to require unnecessary labor in weeding out portions of the brief which could be properly considered from those portions which could not be so considered.

The second headnote does not require elaboration.

*All the Justices concur, except Hill, J., absent for providential cause.*