## WILLIS v. GEORGIA POWER COMPANY.

No. 10214.   MAY 28, 1934.

*Julian F. Urquhart* and *Hallie B. Bell,* for plaintiff.

*B. J. Fowler* and *Wallace Miller,* for defendant.

GAILLARD, J.    The word "defendant's" in the second line of the question propounded is clearly an error.    Evidently the word intended to be used is "plaintiff's."    This question, as stated, requires both affirmative and negative answers, and may be divided into three separate questions.    The first might be put in this way:    Where upon the trial of a case against a street-railway company, to recover damages to the plaintiff's property, alleged to have been caused by the negligence of the defendant in the operation of one of its cars, there has been adduced evidence which is sufficient to authorize a finding by the jury that the defendant was not negligent as alleged, but had, in the operation of its cars, exercised the required degree of care and diligence, but which is insufficient as a matter of law to demand such a finding by the jury, would it be error for the court to direct a verdict for the defendant?

The next proposition involved in the question propounded by the Court of Appeals might be stated in this way:    Where the evidence adduced on the trial of the case is insufficient to authorize a finding by the jury that the defendant was guilty of the negligence alleged in the petition, would the jury be authorized to find that the defendant was negligent as alleged?    And would it be error, under such circumstances, for the court to direct a verdict for the defendant?

It will be seen, therefore, that no single proposition of law has been raised in the question propounded, and the question is so broad and indefinite as to admit of one answer under one set of circumstances, and a different answer under another. Civil Code (1910), § 6506; *Hubbard* v. *Bibb Brokerage Co.,* 172 *Ga.* 520 (157 S. E. 649) ; McHenry *v.* Alford, 168 U. S. 651 (18 Sup. Ct. 242, 42 L. ed. 614) ; United States *v.* Union Pacific Ry. Co., 168 U. S. 505 (18 Sup. Ct. 167, 42 L. ed. 559). Under these circumstances the court declines to answer.

*Gilbert, Hutcheson,* and *Worrill, JJ., concur.    Beck, P. J.,* and *Bell, J., dissent.*