FISHER *v.* AMERICAN CASUALTY COMPANY.

No. 14017. JUNE 17, 1942.

*Neely, Marshall & Greene* and *W. Neal Baird,* for plaintiff.
*Smith, Smith & Bloodworth,* for defendant.

ATKINSON, P. J. The Court of Appeals certified the following question, as necessary for a proper decision of this case:

"1. Under a policy indemnifying an insured for damages caused

by his negligence as a deliveryman operating an automobile in which goods are transported, wherein it is provided that the purposes for which the automobile is to be used are 'commercial,' and that the term 'commercial' is defined as 'the transportation or delivery of goods, merchandise, or other materials, and uses incidental thereto, in direct connection with the' named 'insured's business occupation as expressed in item 1' [item 1 being that the insured's occupation or business is that he 'delivers' exclusively for a named person], and that the 'use of the automobile for the purposes stated includes the loading and unloading thereof,' does the coverage of the policy include, not only the lifting and taking of goods from the automobile after the transportation of the goods, but the carrying and delivering of such goods at the point of destination, where such delivery is within the discharge of the insured's said business; that is, does the coverage of the policy include an injury caused by the negligence of the insured in the course of his duties in delivering and installing a machine which had been transported to the outside of the building, in which the injured person worked, in a vehicle used in the insured's business and then carried by him into the building and into the office where the delivery was to be made and in which the injured person worked?"

The Supreme Court has no jurisdiction of the case, except to answer such questions of law as the Court of Appeals may certify as necessary to a proper decision of the case. Therefore it is not for the Supreme Court to determine whether a particular question of law certified by the Court of Appeals was necessary for a proper decision of the case. If it should develop after decision of the Supreme Court that the certified question was inappropriate, the Court of Appeals ought to decide the case as if the question had not been certified, and presumably would do so. But under previous decisions of this court, and under its rules on the subject (Rules 26 and 27; Code, §§ 24-4529, 24-4530), the question propounded should not be answered. In *Berrien* v. *State,* 156 *Ga.* 380 (8) (119 S. E. 300), it was held: "Where the Court of Appeals certifies a question of law based on an expressed statement of facts, this court will not look to the record to ascertain whether such facts are borne out by the record, or *whether there are other facts that affect the question for decision."* (Italics supplied.) In *Willis* v. *Georgia Power Co.,* 178 *Ga.* 878 (174 S. E. 625), "A

question is improper which is so broad and indefinite as to admit of one answer under one set of circumstances, and a different answer under another. Each question certified must be a direct question or proposition of law clearly stated, so that it could be definitely answered without regard to other issues of law or of fact in the case." See also *Gormley* v. *Slicer,* 177 *Ga.* 430 (170 S. E. 224); *English* v. *Rosenkrantz,* 150 *Ga.* 817 (105 S. E. 613).

The question here propounded, when boiled down, relates to and inquires only as to the "coverage of the policy," that is, what liability is imposed upon the insurer and what indemnity is afforded the insured. To answer the question is to define the "coverage" of the policy, to determine the character and extent of liability embraced in its terms. It seems clear that this can not be done without knowing what these terms are. What has the company promised, agreed to do? The insuring agreement (certainly an essential of a "policy indemnifying an insured for damages") is not set forth in terms or substance in the question. A construction of an insurance policy to determine the liability imposed by it involves a consideration of *all* those essential provisions which fix, create, limit, or enlarge liability. *Marbut* v. *Empire Life Insurance Co.,* 143 *Ga.* 654 (*b*) (85 S. E. 834). In *Hubbard* v. *Bibb Brokerage Co.,* 172 *Ga.* 520 (157 S. E. 649), the question certified related to the rights of an assignee of a debt. The court declined to answer, because the question was too general, saying at one point, "without knowing the exact terms of the material portion of the contract, it can not be decided whether the assignee acquired the legal title," and "This court has repeatedly said that it is not required to look into the record to ascertain additional facts, and that it will merely answer the questions properly framed, as they are stated." It would be a departure from this practice for the Supreme Court to invade the jurisdiction of the Court of Appeals and go into the transcript of the record and decide for itself what the Court of Appeals should have certified. The transcript of the record may be looked to only in order to see the setting and background of the question.

Suppose it should be asked, as a legal proposition, what particular estate or title was conveyed by a certain deed by reference to certain language in it, but omitted from the question were certain of its terms which were essential for it to be a valid conveyance,

and which in one instance might vary in meaning and significance from terms designed for the same purpose in another instance. It would be necessary in such case to either look to the record, and supplement the question (which in the cases cited above it was held should not be done), or this court would be required to speculate or draw inferences beyond the scope of the question as propounded. This, according to established practice, could not be done. It appearing from the question propounded in the instant case that essential terms of the policy, necessary to be considered in answering the question, are not before this court, the case will be returned to the Court of Appeals without answer to the question.

*All the Justices concur.*