### 23046.   CHAPMAN et al. v. PHILLIPS.

COOK, Justice. "A question is improper which is so broad and indefinite as to admit of one answer under one set of circumstances, and a different answer under another. Each question certified must be a direct question or proposition of law clearly stated, so that it could be definitely answered without regard to other issues of law or of fact in the case." *Willis v. Georgia Power Co.,* 178 Ga. 878 (174 SE 625); *Fisher v. American Cas. Co.,* 194 Ga. 157, 158-159 (21 SE2d 68). The question submitted by the Court of Appeals is not one that this court can answer under the principle quoted, and the case is returned to the Court of Appeals without answer.

*Question not answered. All the Justices concur.*

SUBMITTED JULY 12, 1965—DECIDED SEPTEMBER 9, 1965.

*Martin, Snow, Grant & Napier, Hendley V. Napier,* for plaintiffs in error.
*W. Horace Vandiver, Frank G. Wilson,* contra.

The Court of Appeals certified to this court the following question: "Where a petition, seeking damages against the

owner of property for injuries received when the plaintiff slipped and fell because of water on a waxed floor, alleges constructive knowledge on the part of the owner that water was standing on the waxed floor, and alleges further that this created an extremely slippery floor and was an imminently dangerous condition, *but there is no specific allegation that the owner had knowledge that this created an extremely slippery floor and was an imminently dangerous condition,* does the knowledge on the part of the owner that water was standing on the waxed floor, on general demurrer to the petition, demand an inference of such knowledge of the danger as to raise a duty to warn the plaintiff invitee thereof? *Wright v. Hicks,* 15 Ga. 160 (3); *Bivins v. Tucker,* 41 Ga. App. 771, 774 (154 SE 820); *Scott v. Rich's Inc.,* 47 Ga. App. 548, 551 (171 SE 201); *Burns v. Great Atlantic & Pacific Tea Co., Inc.,* 105 Ga. App. 823 (125 SE2d 687)."