# HALLOWELL *v.* UNITED STATES.

### CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 175.    Argued March 12, 1908.—Decided March 23, 1908.

The authority given by § 6 of the Judiciary Act of March 3, 1891, 26 Stat. 826, to the Circuit Court of Appeals, to certify propositions of law to this court, cannot be used for the purpose of sending to this court the whole case for its consideration and decision. A certificate which does not set forth the propositions of law, clearly stated, which may be answered without reference to all the facts, but which sets forth mixed questions of law and fact requiring this court to construe acts of Congress, and, in the light of all the testimony, to determine what should be the judgment of the lower court, is defective and must be dismissed. *C., B. & Q. Ry. Co.* v. *Williams,* 205 U. S. 444, 454.

THIS case is here upon certified questions by the judges of the Circuit Court of Appeals.

The certified questions and the statement of the case which precedes them are as follows:

"The indictment was returned November 16, 1905, and charged that the defendant, on August 1, 1905, in the District of Nebraska, introduced whiskey and other intoxicating liquors into the Indian country, 'to wit, into and upon the Omaha Indian Reservation, a reservation set apart for the exclusive use and benefit of certain tribes of the Omaha Indians.' The defendant entered a plea of not guilty and the case was submitted to a jury upon the following agreed statement:

" 'That the defendant, Simeon Hallowell, an Omaha Indian, is and was on the first day of August, 1905, an allottee of land granted to him on the Omaha Indian Reservation, in Thurston County, Nebraska; that the allotment so made to him was made under the provisions of the act of Congress of August 7, 1882 (22 Stat. 341); that the first or trust patent was issued to him in the year 1884, and that the twenty-five year period of the trust limitation has not yet expired; and that the fee title of the allotment so made to him is still held by the United States.

" 'That the defendant, Simeon Hallowell, on the first of August, 1905, procured at a point outside the said reservation one-half gallon of whiskey which he took to his home, which was within the limits of the Omaha Indian Reservation, and upon an allotment which he had inherited and which allotment was made under the provisions of the act of Congress, of August 7, 1882, and the title of which is held by the Government as the twenty-five year trust period has not expired. That he took the said whiskey into and upon this allotment for the purpose of drinking and using the same himself, and that he did drink said whiskey and did give some of it to his friends or visitors to drink.

" ' That the said Omaha Indian Reservation has been allotted practically in whole and that many of the allotments of deceased Omaha Indians have been sold to white people, under the provisions of the act of Congress of May 27, 1902 (32 Stat. 245, 275); that within the original boundary limits of the Omaha Indian Reservation there are many tracts of land that have been sold, under the provisions of said act, to white persons who are the sole owners thereof, and that the full title to such lands has passed to the purchaser, the same as if a final patent without restriction upon alienation had been issued to the allottee.

" 'That all of the Omaha Indians who were living in the year 1884, and by law entitled to allotments, received them.

" 'That the Omaha Indian Reservation is within and a

physical part of the organized territory of the State of Ne-
braska, as are also the allotments herein referred to, into and
upon which the said defendant took said whiskey. That the
Omaha Indians exercise the rights of citizenship, and partici-
pate in the County and State government extending over the
said Omaha Indian Reservation, and over and upon the allot-
ments herein referred to. That the defendant, Simeon Hal-
lowell, has been on frequent occasions a Judge and Clerk of
election, a Justice of the Peace, an Assessor, and a Director
of the public school district in which he lives. That Omaha
Indians have taken part in the State and County govern-
ment, extending over the reservation, and have held the fol-
lowing offices in said County of Thurston, State of Nebraska:
County Coroner, County Attorney, County Judge, Justice of the
Peace, Constable, Road Overseer, Election officers, and have
also served as jurors in the county and district courts. De-
fendant is self-supporting as are most of said Indians. Some
of them are engaged in business and most of them engaged in
farming.'

"Over the defendant's objection that the matters recited
in the agreed statement did not constitute or show an offense
against laws of the United States, the court instructed the jury
that, if the matters so recited were true, the defendant was
guilty of the offense charged. The defendant reserved an
exception to this ruling. The jury found him guilty.

"And the Circuit Court of Appeals for the Eighth Circuit
further certifies that the following questions of law are pre-
sented to it in said cause; that their decision is indispensable
to a decision of the cause, and that to the end that such court
may properly decide the issues of law so presented, it desires
the instruction of the Supreme Court of the United States upon
such question, to wit.

"1. After the allotment in severalty to the Omaha Indians
of practically all of the lands in the Omaha Indian Reserva-
tion in the State of Nebraska and the issuance to the several
allottees of the first or trust patents, under the act of August 7,

1882 (22 Stat. 341), and after the provisions of § 7 of that act and of § 6 of the act of February 8, 1887 (24 Stat. 388), had become effective as to such allottees, did Congress retain or possess the power to regulate or prohibit the introduction of intoxicating liquors upon such allotments, while the title to the same should be held in trust by the United States, or while the same should remain inalienable by the allottee without the consent of the United States?

"2. Do the facts that the tribal relation of these Indians is still maintained and that part of the lands in said reservation are unallotted and are held by the United States for the use and benefit of the said tribe, as provided in § 8 of the said act of August 7, 1882, enable Congress, consistently with the provisions and effect of § 7 of that act and of § 6 of the said act of February 8, 1887, to regulate or prohibit the introduction of intoxicating liquors upon such allotments, while same shall be held in trust by the United States, or while the same shall remain inalienable by the allottee without the consent of the United States?

"3. As applied to allotments in severalty to Indians of lands in a State, when the land is to be held in trust for the allottee for a stated period and is then to be conveyed to him or his heirs in fee and is to remain inalienable by him during such trust period without the consent of the United States, and when the effect of the allotment is to give to the allottee the benefit of and to subject him to the laws, both civil and criminal, of the State, and to make him a citizen of the United States and to entitle him to all the rights, privileges and immunities of such citizens, is that portion of the act of January 30, 1897 (29 Stat. 506), which purports to regulate the introduction of intoxicating liquors upon such allotments, while the title to the same shall be held by the United States or while the same shall remain inalienable by the allottee without the consent of the United States, a valid exercise of the power of Congress to legislate in respect of Indians or Indian lands?

Now, there, as shown by the stipulated facts, the defendant, Simeon Hallowell, an Omaha Indian, is an allottee of lands granted to him on the Omaha Indian Reservation, in Thurston County, State of Nebraska, which allotment was made to him under the provisions of the act of Congress of August 7, 1882 (22 Stat. 351), and the first patent was issued to him in the year 1884, and the twenty-five years' period of the trust limitation fixed by said act has not expired, and the fee title of the allotment so made to him is still held by the United States; and where 'the said Omaha Indian Reservation has been allotted practically in whole, and many of the allotments of deceased Omaha Indians have been sold to white people under the provisions of the act of Congress of May 27, 1902 (32 Stat. 245, 275);' and within the original boundary limits of the Omaha Indian Reservation many tracts of land were hitherto sold under the provisions of said act to white persons, who are the sole owners thereof, and to whom the full title to such lands has passed to the purchaser, the same as if the final patent without restriction upon alienation had been issued to the allottee; and where all of the Omaha Indians, living in the year 1884, entitled to such allotments, have received the same; and where said Omaha Indian Reservation is within and a physical part of the organized territory of the State of Nebraska, as also the allotment hereinbefore referred to; and the said Omaha Indians, including the defendant, are citizens of the United States, and exercise the rights of citizenship, participating in the County and State governments extending over said Omaha Indian Reservation, and over the allotments aforesaid, the said defendant, Simeon Hallowell, having, on frequent occasions prior to 1905, held and exercised the office of Judge, and Justice of the Peace, and Assessor in said county, where said Omaha Indians have taken part in the State and the County government extending over the Reservation, and where the defendant is self-supporting; is he liable to indictment and punishment under the act of Congress of January 30, 1897 (29 Stat. 506), for intro-

ducing intoxicating liquor, as into an Indian country, where he procured one-half gallon of whiskey at a point outside of said reservation, on the first day of August, 1905, which he took into and upon his allotment, within the limits of the Omaha Indian Reservation, which allotment he inherited and which was made under the provisions of said act of August 7, 1882, the fee title to which is held by the Government, as the twenty-five years' trust period has not expired, the said whiskey having been so taken upon his allotment for the purpose of drinking and using the same himself, which he drank, giving some of it to his friends and visitors to drink?"

*Mr. Thomas L. Sloan* for Hallowell.

*The Solicitor General* for The United States.

MR. JUSTICE HARLAN, after making the foregoing statement, delivered the opinion of the court.

In *Chicago, Burlington & Quincy Railway Co.* v. *Williams*, 205 U. S. 444, 454, we had occasion to consider the scope and meaning of the sixth section of the Judiciary Act of March 3, 1891, authorizing a Circuit Court of Appeals, in every case within its jurisdiction, to certify questions or propositions of law concerning which it desires instruction for the proper decision of the case. The court there reaffirmed the rule, announced in previous cases, that the authority to certify such questions could not be used for the purpose of sending to this court the whole case, with all its circumstances, for consideration and decision. *Jewell* v. *McKnight*, 123 U. S. 426; *Waterville* v. *Van Slyke*, 116 U. S. 699; *United States* v. *Rider*, 163 U. S. 132; *United States* v. *Union Pacific Railway*, 168 U. S. 505. Upon a review of the adjudged cases we used this language in reference to the certificate of questions in that case: "The present certificate brings to us a question of mixed law and fact and, substantially, all the circumstances connected

with the issue to be determined. It does not present a distinct point of law, clearly stated, which can be decided without passing upon the weight or effect of all the evidence out of which the question arises. The question certified is rather a condensed, argumentative narrative of the facts upon which, in the opinion of the judges of the Circuit Court of Appeals, depends the validity of the live-stock contract in suit. Thus, practically, the whole case is brought here by the certified question, and we are, in effect, asked to indicate what, under all the facts stated, should be the final judgment. It is, obviously, as if the court had been asked, generally, upon a statement of all the facts, to determine what, upon those facts, is the law of the case." 205 U. S. 444, 454.

The certificate in the present case is objectionable upon the ground that it does not set forth propositions of law, clearly stated, which may be answered without reference to all the facts, but mixed questions of law and fact which require us to construe various acts of Congress, and, in the light of all the testimony in the case, determine whether the accused could be held guilty of any offense legally punishable by the United States. It is as if the court were asked what, upon the whole case as sent up, should have been the verdict and judgment in the trial court. The certificate is defective and must be dismissed, because not in conformity to the statute.

*It is so ordered.*