CHICAGO, BURLINGTON AND QUINCY RAILWAY COMPANY *v.* EDGAR C. WILLIAMS.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 154. Argued April 16, 1909.—Decided April 26, 1909.

Certificate dismissed on the authority of *Chicago, Burlington & Quincy Railway Company* v. *Williams,* 205 U. S. 444.[1]

———————————

[1] The headnote in that case is as follows:

Under § 6 of the Circuit Court of Appeals Act of March 3, 1891, 26

THE certificate in this case is as follows:

The United States Circuit Court of Appeals for the Eighth Circuit, sitting at the City of St. Paul, Minnesota, on the tenth day of July, A. D. 1907, certifies that the record on file in the action above entitled, which is pending, in this court upon a writ of error duly issued to review a judgment rendered in this action in favor of the defendant in error, in the United States Circuit Court for the Western District of Missouri, discloses the following facts:

The judgment which the writ of error challenges was rendered after a trial and a verdict of a jury for $5,000 damages. At the trial these facts were conclusively established: The defendant in error was injured by the negligence of the servants of the railway company while he was riding in a caboose of a cattle train under a contract between him and the railway company for the transportation of his cattle at the regular rate, in which contract the railway company had agreed to transport him free and he had agreed in consideration of the free transportation that the railway company should not be liable to him for any injury or damage, from whatever cause, which he might suffer or incur while he was so carried, that the cattle should be in his charge for the purpose of attention and care and that the railway company should not be responsible for such attention and care, but he should load, unload, water and feed them. He was not constrained, required or requested to make this contract, or one of this nature, in order to secure transportation for his cattle by the railway company at the same rate and on the same

Stat. 826, the certificate of the Circuit Court of Appeals as to questions or propositions of law concerning which it desires instruction must present a distinct point of law, clearly stated, which can be decided without passing upon the weight or effect of the advice on which the question arises, and if not so presented this court is without jurisdiction; and where the question certified practically brings up the entire case, and this court is asked to pass upon the validity of a contract and indicate what the final judgment should be, the certificate will be dismissed and the questions not answered.

terms in its care, but he had the option to have them transported at the same rate in the care of the railway company and to ride on a passenger train from the point of shipment to the destination of the cattle for the regular fare, or to ride free in the caboose car of the cattle train under his contract to hold the railway company exempt from liability for his injuries and to care for the cattle himself. He freely exercised this option and chose the latter alternative. The danger of injury to one riding in the caboose of a cattle train is about four times the danger to one riding over the same railroad in the coach of a passenger train. Upon these facts the railway company, which had pleaded its exemption from liability under the contract, requested the court to instruct the jury to return a verdict in its favor, the court refused, an exception was taken to this ruling, and this ruling and many others have been assigned as errors and are pending in this court for determination.

And the Circuit Court of Appeals for the Eighth Circuit further certifies that other questions of law which relate to the admission of evidence are presented by the assignment of errors in this case and are pending for the decision of this court, but that the following questions of law are also presented by the assignment of errors and their decision is indispensable to a determination of this case in this court, and that to the end that this court may properly decide the issues of law presented it desires the instruction of the Supreme Court of the United States upon the following questions of law:

1. In a contract between an owner of cattle and a railway company for the transportation of the cattle at the regular rate which contains the further agreement that the owner shall be transported on the cattle train free in consideration that he contracts that the railway company shall not be liable to him for any injury or damage which he sustains while he is being so carried and that he will load, unload, feed and care for the cattle during the transportation, is his agreement that the railway company shall not be liable to him for any injury or damage which he sustains while being so carried a valid contract?

2. Where the owner of the cattle is not constrained, required or requested to make the contract described in the foregoing question in order to have his cattle transported at the regular rate, but freely chooses to make such an agreement in preference to contracting for the transportation of his cattle at the regular rate at the risk of the railway company and riding himself on a passenger train to the destination of the cattle at the regular rate, is his agreement that the railway company shall not be liable to him for any injury or damage which he sustains while being so carried a valid contract?

3. Do the facts which were established at the trial and which are set forth in the statement which precedes these questions show a valid contract by the owner of the cattle, the plaintiff below, that the railway company should not be liable to him for any injury or damage which he sustained while he was riding in the caboose of the cattle train under the contract specified in the statement?

For a precedent for this question see *Fourth Street Bank* v. *Yardley,* 165 U. S. 634, 637.

*Per Curiam:* In the opinion of a majority of the court this certificate is essentially the same as that disposed of in *Chicago, Burlington & Quincy Railway Company* v. *Williams,* 205 U. S. 444, and it is therefore dismissed on the authority of that decision.

MR. JUSTICE HOLMES, dissenting.

When this case was here before I felt doubts, but deferred to the judgment of the majority, as I think one should, when it does not seem that an important principle is involved or that there is some public advantage to be gained from a statement of the other side. But it seems to me that the present order is a mistake upon an important matter, and I am unwilling that it should seem to be made by unanimous consent. I think that such questions are to be encouraged as a mode of disposing of

cases in the least cumbersome and most expeditious way. The former certificate was thought to invite a consideration of mixed questions of law and fact. However that may have been, the present one puts definite questions of pure law, and I think that those questions should be answered. Even if the third should be objected to, the other two are complete in themselves. It is no objection to a question of law that the case turns upon it. That is the best of reasons for propounding it. The only objection is not to deciding the case here but to putting questions that turn upon conclusions from evidence, or that present a general statement and ask a judgment with regard to unspecified questions of law.

MR. JUSTICE WHITE and MR. JUSTICE MOODY concur in this dissent.