# UNITED STATES *v.* MAYER, JUDGE OF THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

### CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 462.   Argued October 22, 23, 1914.—Decided November 16, 1914.

While their jurisdiction is exclusively appellate, Circuit Courts of Appeals may issue writs which are properly auxiliary to their appellate power.

While this court may not be required through a certificate under § 239, Judicial Code, to pass upon questions of fact or mixed questions of law and fact, or to accept a transfer of the whole case, or to answer questions of objectionable generality, a definite question of law may be submitted even if decisive of the controversy.

The general principle obtains, in the absence of statute providing otherwise, that a court cannot set aside or alter its final judgment after the expiration of the term at which it was entered unless the proceeding for that purpose was begun during that term; and this case does not fall within the exceptions to that rule.

Whether a Federal court can grant a new trial after the end of the term is a question of power and not of procedure, and state statutes are not applicable.

When a writ of error has been issued to review a judgment of conviction of the District Court in a criminal cause, the Circuit Court of Appeals has jurisdiction to issue a writ of prohibition against the District Court entering an order for new trial after expiration of the term on newly discovered evidence.

When a writ of error has been issued to review its judgment of conviction in a criminal cause, the District Court has not jurisdiction, upon motion made after the term at which it was entered, to set the judgment aside and order a new trial on facts discovered after the end of the term and not appearing in the record.

When a District Court has itself raised the question of its jurisdiction to entertain a motion made after expiration of the term to vacate a judgment of conviction, the consent of the United States attorney to consider the case on the merits does not confer jurisdiction, nor debar the United States from raising the question of jurisdiction, to vacate the judgment.

THE facts stated in the certificate may be summarized as follows:

On March 14, 1913, one Albert Freeman with two other individuals, was convicted in the District Court, Southern District of New York, on five indictments for violation of the statutes relating to the use of the mails and for a conspiracy. On that day judgments of conviction were entered and sentences were imposed as to certain of these indictments, or counts therein, sentence being suspended as to others; and on March 24, 1913, the defendant Freeman sued out a writ of error from the Circuit Court of Appeals to review the judgments of conviction. Assignments of error were filed; and on May 13, 1913, the plaintiff in error was admitted to bail by the appellate court. No bill of exceptions has been settled or filed or argument had.

On January 12, 1914, the plaintiff in error gave notice of application in the District Court to set aside the judgments of conviction, and for the quashing of the indictments, or for a new trial. The grounds were, among

others, (1) that the defendant had been deprived of a fair trial by the misconduct of an assistant United States attorney and (2) that one juror when examined on his voir dire concealed a bias against the defendant. It is found as a fact by the District Judge, that neither the defendant nor his counsel had knowledge of the facts on which the motion was based until after the conclusion of the trial and the expiration of the term as to those counts upon which sentence had been imposed, and that these facts could not have been discovered earlier by reasonable diligence.

Upon the hearing of the application, District Judge Mayer raised the question of the jurisdiction of the District Court to entertain it, in view of the fact that the term had expired. Thereupon the United States attorney submitted a memorandum tendering his consent that the application be heard upon the merits. The application was heard and District Judge Mayer handed down his decision granting a new trial, "on the ground that defendant had not had a trial by an impartial jury for the reason that one of the jurors at the time of his selection entertained a bias against the defendant resulting from the juror's observations of the conduct of the defendant and other corporate officers in relation to the production of certain corporate records before a grand jury of which he had been a member, the juror having concealed his bias on his examination on the voir dire for the purpose of securing the jury fees and the events of the trial having been such as to strengthen and confirm this bias." The order vacating the judgments of conviction and granting a new trial has not yet been entered, the District Judge having filed a memorandum stating in substance that the question of jurisdiction was an important one and that the order would be withheld until the United States attorney had an opportunity to raise the question in a higher court.

Thereafter, and on April 6, 1914, the United States attorney procured an order in the Circuit Court of Appeals directing District Judge Mayer to show cause why a writ of prohibition should not be issued from that court forbidding the entry of an order vacating the judgments of conviction and granting a new trial upon the ground that the District Court was without jurisdiction to enter it. Certain of the facts upon which the motion for a new trial was granted do not appear in the record of the previous trial.

The questions certified are:

### "QUESTION I.

"A. When a writ of error has been issued to review a judgment of conviction in a criminal cause entered in a District Court and thereafter, upon a motion made in the District Court after the expiration of the term at which the judgment was entered, said District Court has indicated its intention to enter an order vacating the judgment and ordering a new trial on facts discovered after the expiration of said term and not appearing in the record of the previous trial, has the Circuit Court of Appeals jurisdiction to issue a writ of prohibition against the entry of such order by the District Court, when, in the opinion of the Circuit Court of Appeals, the District Court is without jurisdiction to enter such order?

"B. Or has the Supreme Court of the United States sole jurisdiction to issue such writ of prohibition, under the circumstances above stated?

"In case question I A be answered in the affirmative, then—

### "QUESTION II.

"When a writ of error has been issued to review a judgment of conviction in a criminal cause entered in a District Court, has the District Court, upon a motion made after

the term at which judgment was entered, jurisdiction to set aside the judgment and order a new trial on facts discovered after the expiration of said term and not appearing in the record of the previous trial?

"QUESTION III.

"Whether, when a District Court has itself raised the question of its jurisdiction to entertain a motion made after the expiration of the term to vacate a judgment of conviction and the United States attorney thereupon tendered its consent to the hearing of the motion on the merits if the jurisdictional question raised by the court were dependent on that consent, the United States is debarred by such tender from raising the question of jurisdiction of the District Court to vacate said judgment?

*The Solicitor General,* with whom *Mr. Karl W. Kirchwey* was on the brief, for the United States:

The Circuit Court of Appeals has jurisdiction to issue the writ of prohibition in order to prevent threatened interference with its appellate jurisdiction by the District Court granting a new trial in a case in which a writ of error has been filed. The writ of prohibition is the appropriate remedy. *Zell* v. *Judges,* 149 Fed. Rep. 86, 91.

The Circuit Court of Appeals has jurisdiction of the main cause. *In re Chetwood,* 165 U. S. 443. Its jurisdiction attached upon the filing of the writ of error with the clerk of the District Court. *Brooks* v. *Norris,* 11 How. 203; *Burnham* v. *North Chicago Ry. Co.,* 87 Fed. Rep. 168.

If the Circuit Court of Appeals lacks jurisdiction to issue the writ, this court has sole jurisdiction to issue it.

In exceptional cases this court has granted the writ of certiorari, although neither appellate nor original jurisdiction existed. *McClellan* v. *Carland,* 217 U. S. 268; *Meeker* v. *Lehigh Valley R. R. Co.,* 234 U. S. 749; *Munsuri* v. *Lord,* 229 U. S. 618; *Whitney* v. *Dick,* 202 U. S. 132.

And so, by analogy, the writ of prohibition is available where, as here, it is the only remedy by which the usurpation of jurisdiction by an inferior Federal court can be prevented.

The District Court is without jurisdiction to set aside the judgment of conviction and order a new trial. The expiration of the term at which judgment was entered withdrew that judgment from the control of the District Court. *Bronson* v. *Schulten,* 104 U. S. 410, 415; *Hickman* v. *Fort Scott,* 141 U. S. 415; *Wetmore* v. *Karrick,* 205 U. S. 141.

The perfecting of the writ of error transferred exclusive jurisdiction of the cause to the Circuit Court of Appeals. *Keyser* v. *Farr,* 105 U. S. 265; *Morrin* v. *Lawler,* 91 Fed. Rep. 693, and cases cited in brief.

This rule obtains also in the matter of appeals in equity cases. *Ensminger* v. *Powers,* 108 U. S. 292; *Roemer* v. *Simon,* 91 U. S. 149.

The United States is not debarred from raising the question of the District Court's jurisdiction by the consent of the United States attorney to the hearing of the motion on its merits.

Jurisdiction of the subject-matter cannot be conferred by consent of the parties. *In re Winn,* 213 U. S. 458, 469; *Minnesota* v. *Northern Securities Co.,* 194 U. S. 48, 62; *Minnesota* v. *Hitchcock,* 185 U. S. 373, 382.

The question is one of power; and that is a question which cannot be solved by consent of either party. *Bronson* v. *Schulten,* 104 U. S. 410.

*Mr. Wilson B. Brice,* with whom *Mr. Samuel Williston* was on the brief, for respondent:

Only questions arising in cases within the appellate jurisdiction of the Circuit Court of Appeals can be certified to the Supreme Court. *Maynard* v. *Hecht,* 151 U. S. 324; *Moran* v. *Hegeman,* 151 U. S. 329.

The jurisdiction of the Circuit Court of Appeals to issue the writ of prohibition is an original jurisdiction. Section 262, Judicial Code; *Farnsworth* v. *Montana*, 129 U. S. 104, 113; *Ex parte Tom Tong*, 108 U. S. 556; *McClellan* v. *Carland*, 217 U. S. 268; *In re Williams*, 123 Fed. Rep. 321, 322; *McClung* v. *Silliman*, 6 Wheat. 598; *Bath County* v. *Amy*, 13 Wall. 244, 249; *In re Massachusetts*, 197 U. S. 482, 488; *Covington Bridge Co.* v. *Hager*, 203 U. S. 109.

Congress has never intended to change the common-law nature of an application for a writ of prohibition.

The questions submitted do not appear to be of such nature as to call upon this court to answer them.

The whole case cannot be sent to this court by certificate of division of opinion.

This defect cannot be avoided by submitting the whole case in the form of separate questions.

It does not make any difference if the decision of the whole case turns upon matters of law only, nor will this court answer abstract, hypothetical or moot questions.

If an answer to one of the questions certified disposes of the case, this court will not answer the other questions. *United States* v. *Bailey*, 9 Pet. 267; *Adams* v. *Jones*, 12 Pet. 207; *White* v. *Turk*, 12 Pet. 238; *Webster* v. *Cooper*, 10 How. 54; *Havemeyer* v. *Iowa County*, 3 Wall. 294; *United States* v. *Buzzo*, 18 Wall. 125; *United States* v. *Britton*, 108 U. S. 199, 207; *Jewell* v. *Knight*, 123 U. S. 426, 433; *United States* v. *Hall*, 131 U. S. 50; *Warner* v. *New Orleans*, 167 U. S. 467; *Cross* v. *Evans*, 167 U. S. 60; *Emsheimer* v. *New Orleans*, 186 U. S. 33; *C., B. & Q. Ry. Co.* v. *Williams*, 205 U. S. 444; *The Folmina*, 212 U. S. 354; *C., B. & Q. Ry. Co.* v. *Williams*, 214 U. S. 492.

No writ of error lies in favor of the Government in a criminal case. *United States* v. *Sanges*, 144 U. S. 310; *United States* v. *Zarafonitis*, 150 Fed. Rep. 97; *United States* v. *Ball*, 163 U. S. 662, 670; *Kepner* v. *United States*, 195 U. S. 100, 130.

If the right to a writ of error does exist in the Government, then it has another remedy in this case; and it is not entitled to the writ of prohibition because the issue of the writ would not be necessary to the exercise of the appellate jurisdiction of the Circuit Court of Appeals. See *United States* v. *Dickinson*, 213 U. S. 99.

Section 262, Judicial Code, does not confer an appellate jurisdiction which the Circuit Court of Appeals would not have without it. The statutes which it reënacts have been construed as meaning that the power of the Circuit Court to use extraordinary writs is confined to their use as ancillary remedies in cases where appellate jurisdiction already exists. *McClung* v. *Silliman*, 6 Wheat. 598; *Bath County* v. *Amy*, 13 Wall. 244, 249; *Covington Bridge Co.* v. *Hager*, 203 U. S. 109; *Re Massachusetts*, 197 U. S. 482, 488; *Ex parte Warmouth*, 17 Wall. 64; *United States* v. *Williams*, 67 Fed. Rep. 384; *In re Paquet*, 114 Fed. Rep. 437; *Zell* v. *Judges &c.*, 149 Fed. Rep. 86.

The Government has no legal right to any relief under the writ of error. *Latham* v. *United States*, 9 Wall. 145; *United States* v. *Minn. &c. Co.*, 18 How. 241; *United States* v. *Young*, 94 U. S. 258.

The Government cannot question the District Court's jurisdiction. *United States* v. *Perrin*, 131 U. S. 55, and see also *McLish* v. *Roff*, 141 U. S. 661, 668; *United States* v. *Jahn*, 155 U. S. 109; *Mexican Cent. Ry. Co.* v. *Eckman*, 187 U. S. 429; *Re Huguley Mfg. Co.*, 184 U. S. 297, 302; *Nelson* v. *Meehan*, 155 Fed. Rep. 1, 3; *Manning* v. *German Life Ins. Co.*, 107 Fed. Rep. 52.

The consent given by the United States attorney deprived the Circuit Court of Appeals of any jurisdiction to issue the writ of prohibition, even if it would otherwise have had any.

Whether the Supreme Court of the United States has sole jurisdiction to issue the writ of prohibition under the

circumstances of this case, is not before the court, and an answer, if given, would be mere *obiter*.

There has been a gradual tendency to enlarge the exceptions to the general rule denying the power of a court to amend its judgments after the term. See essay by Luke O. Pike, 7 Harv. Law Rev. 266, 272.

Originally the difficulty of amendment seems to have existed whenever the term was past even though the suit was still pending. 3 Blackstone, 406; *Queen v. Tutchin,* 1 Salk. 51; *United States v. Moss,* 6 How. 31; *Bronson v. Schulten,* 104 U. S. 410; *Phillips v. Negley,* 117 U. S. 665; *Tubman v. Balt. & Ohio R. R.,* 190 U. S. 38; *In re Metropolitan Trust Co.,* 218 U. S. 312; *Public Schools v. Walker,* 9 Wall. 603; *Gagnon v. United States,* 193 U. S. 451.

As to the practice in regard to the writ of *Audita Querela,* see 3 Blackstone Comm. 406; *Stone v. Seaver,* 5 Vermont, 549; Fitz Herbert, Nat. Br. 238; *Folan v. Folan,* 59 Maine, 566; *Harmon v. Martin,* 52 Vermont, 255; *Avery v. United States,* 12 Wall. 304.

The writ was not available in criminal cases.

As to writ of error *coram nobis* or *coram vobis,* see *United States v. Plumer,* 3 Cliff. 28, 58. The writ is directed only to the court which rendered the judgment, not to a superior court, *Irwin v. Grey,* L. R., 2 H. L. 20, 26; *Land v. Williams,* 12 Sm. & M. 362, and is applicable to criminal cases. *United States v. Plumer,* 3 Cliff. 28, 59; *Adler v. State,* 35 Arkansas, 517; *Sanders v. State,* 85 Indiana, 318; *State v. Calhoun,* 50 Kansas, 523; Rolle's Abridgement, p. 749; *Pickett's Heirs v. Legerwood,* 7 Pet. 144; *Gagnon v. United States,* 193 U. S. 451, 457; *Rex v. Wilkes,* 4 Burr. 2527, 2551; *Hydrick v. State,* 148 S. W. Rep. 541.

As to equitable procedure to affect a judgment after the expiration of the term in which it was rendered, see *Cummins v. Kennedy,* 4 J. J. Marsh, 642, 645; *Pickford v. Talbott,* 225 U. S. 651, 657; *Tovey v. Young,* Precedents in

Chancery, Case 157, p. 194; *Platt* v. *Threadgill*, 80 Fed. Rep. 192.

For statutes allowing petitions or motions for new trials after the end of the term in which judgment was rendered, see *Fuller* v. *United States*, 182 U. S. 562; *Hines* v. *Driver*, 89 Indiana, 339, 343; *Harvey* v. *Fink*, 111 Indiana, 249, 254; *Gottleib* v. *Jasper*, 27 Kansas, 770; *Ex parte Russell*, 13 Wall. 664, 669.

Even though the lapse of the term deprived the District Court of jurisdiction, the Government's consent to the hearing of the motion for a new trial restored that jurisdiction. *Gracie* v. *Palmer*, 8 Wheat. 699; *Taylor* v. *Longworth*, 14 Pet. 172, 174; *St. Louis &c. Ry.* v. *McBride*, 141 U. S. 127; *Tex. & Pac. Ry.* v. *Cox*, 145 U. S. 593; *Central Trust Co.* v. *McGeorge*, 151 U. S. 129; *In re Moore*, 209 U. S. 490; *Western Loan Co.* v. *Butte Mining Co.*, 210 U. S. 368; *Martin's Admr.* v. *Balt. & Ohio R. Co.*, 151 U. S. 673.

Lapse of the term is not jurisdictional. *Gage* v. *Chicago*, 141 Illinois, 642; *Hewetson* v. *Chicago*, 172 Illinois, 112, 115; *Gager* v. *Doe*, 29 Alabama, 341; *Berry* v. *Nall*, 54 Alabama, 446; *Kidd* v. *McMillan*, 21 Alabama, 325; *Royal Trust Co.* v. *Exchange Bank*, 55 Nebraska, 663, 668; *Newman* v. *Newton*, 14 Fed. Rep. 634. See also *Wilson* v. *Vance*, 55 Indiana, 394; *National Home* v. *Overholser*, 64 Ohio St. 517; *Harrison* v. *Osborn*, 114 Pac. Rep. 331; *McHam* v. *Gentry*, 33 Texas, 441; *McCord-Collins Co.* v. *Stern*, 61 S. W. Rep. 341. *Little Rock* v. *Bullock*, 6 Arkansas, 282; *Anderson* v. *Thompson*, 7 Lea, 259, are opposed to principle, to practical convenience and to the weight of authority.

The Government is as fully bound by the assent given by the District Attorney who represented it as an ordinary litigant would be by the assent of authorized counsel. *Johnston* v. *Stimmel*, 89 N. Y. 117.

The pendency of a writ of error when the motion for a

new trial was made did not defeat the jurisdiction of the District Court.

Consent to the jurisdiction of the District Court involves consent to the discontinuance of the writ of error if the District Court grants a new trial, and, therefore, avoids any possible objection due to the pendency of the writ of error.

The motive of the Government in giving its consent is immaterial.

Failure to object to jurisdiction debars the right to the writ. *Re Huguley Mfg. Co.*, 184 U. S. 301; *In re Alix*, 166 U. S. 136; *In re Rice*, 155 U. S. 396; *Smith* v. *Whitney*, 116 U. S. 167, 173.

The Government is debarred from the writ because it has no standing in the Circuit Court of Appeals upon the writ of error.

MR. JUSTICE HUGHES, after making the foregoing statement, delivered the opinion of the court.

Preliminarily, objection is raised to the authority of this court to answer the questions certified. Under § 239 of the Judicial Code, questions may be certified by the Circuit Court of Appeals "in any case within its appellate jurisdiction, as defined in section one hundred and twenty-eight"; and § 128 provides that the Circuit Courts of Appeals "shall exercise appellate jurisdiction to review by appeal or writ of error final decisions in the District Court," etc. The argument is that an application to a Circuit Court of Appeals for a writ of prohibition is an original proceeding. But the jurisdiction of the Circuit Courts of Appeals is exclusively appellate (Act of March 3, 1891, §§ 2, 6, c. 517, 26 Stat. 826, 828; Jud. Code, §§ 117, 128; *Whitney* v. *Dick*, 202 U. S. 132, 137, 138); and their authority to issue writs is only that which may properly be deemed to be auxiliary to their appellate power. Jud. Code.

§ 262; Rev. Stat., § 716; Act of March 3, 1891, c. 517, § 12, 26 Stat. 826, 829; *Whitney* v. *Dick, supra; McClellan* v. *Carland,* 217 U. S. 268, 279, 280. Section 128 defines the class of cases in which the Circuit Court of Appeals may exercise appellate jurisdiction, and, where a case falls within this class, a proceeding to procure the issue of a writ in aid of the exercise of that jurisdiction must be regarded as incidental thereto and hence as being embraced within the purview of § 239 authorizing the court to certify questions of law.

It is also objected that the certificate sends up the entire case. It is a familiar rule that this court can not be required through a certificate under § 239 to pass upon questions of fact, or mixed questions of law and fact; or to accept a transfer of the whole case; or to answer questions of objectionable generality—which instead of presenting distinct propositions of law cover unstated matters 'lurking in the record'—or questions that are hypothetical and speculative. *United States* v. *Bailey,* 9 Pet. 267, 273; *Webster* v. *Cooper,* 10 How. 54, 55; *Jewell* v. *Knight,* 123 U. S. 426, 432–435; *United States* v. *Hall,* 131 U. S. 50, 52; *Cross* v. *Evans,* 167 U. S. 60, 63; *United States* v. *Union Pacific Rwy. Co.,* 168 U. S. 505, 512; *Chicago, B. & Q. Rwy. Co.* v. *Williams,* 205 U. S. 444, 452, 453; 214 U. S. 492; *Hallowell* v. *United States,* 209 U. S. 101, 107; *The Folmina,* 212 U. S. 354, 363; *B. & O. R. R. Co.* v. *Interstate Com. Com.,* 215 U. S. 216, 221, 223. But, on the other hand, there is no objection to the submission of a definite and clean-cut question of law merely because the answer may be decisive of the controversy. The question propounded must always be such that the answer will aid the court in the determination of the case, and the importance, or the controlling character, of the question if suitably specific furnishes no ground for its disallowance. This is abundantly illustrated in the decisions. *United States* v. *Pridgeon,* 153 U. S. 48; *Helwig* v. *United States,* 188 U. S.

605; *United States* v. *Ju Toy*, 198 U. S. 253; *Hertz* v. *Woodman*, 218 U. S. 205, 211; *American Land Co.* v. *Zeiss*, 219 U. S. 47, 59; *Matter of Harris*, 221 U. S. 274, 279; *Hallowell* v. *United States*, 221 U. S. 317; *Beutler* v. *Grand Trunk Rwy. Co.*, 224 U. S. 85, 88; *Matter of Loving*, 224 U. S. 183, 186; *The Jason*, 225 U. S. 32; *Anderson* v. *Pacific Coast S. S. Co.*, 225 U. S. 187; *Jordan* v. *Roche*, 228 U. S. 436; *Texas Cement Co.* v. *McCord*, 233 U. S. 157; *Illinois Central R. R. Co.* v. *Behrens*, 233 U. S. 473. In the present case the certificate submits distinct and definite questions of law, which—save. question I-B—are clearly pertinent.

Coming, then, to the matters thus submitted, we deem the following considerations to be controlling:

1. In the absence of statute providing otherwise, the general principle obtains that a court cannot set aside or alter its final judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during that term. *Hudson* v. *Guestier*, 7 Cranch, 1; *Cameron* v. *M'Roberts*, 3 Wheat. 591; *Ex parte Sibbald*, 12 Pet. 488, 492; *Bank of United States* v. *Moss*, 6 How. 31, 38; *Bronson* v. *Schulten*, 104 U. S. 410, 415–417; *Phillips* v. *Negley*, 117 U. S. 665, 673, 674; *Hickman* v. *Fort Scott*, 141 U. S. 415; *Hume* v. *Bowie*, 148 U. S. 245, 255; *Tubman* v. *B. & O. R. R. Co.*, 190 U. S. 38; *Wetmore* v. *Karrick*, 205 U. S. 141, 149–152; *In re Metropolitan Trust Co.*, 218 U. S. 312, 320, 321. There are certain exceptions. In the case of courts of common law—and we are not here concerned with the special grounds upon which courts of equity afford relief—the court at a subsequent term has power to correct inaccuracies in mere matters of form, or clerical errors, and, in civil cases, to rectify such mistakes of fact as were reviewable on writs of error *coram nobis*, or *coram vobis*, for which the proceeding by motion is the modern substitute. *Pickett's Heirs* v. *Legerwood*, 7 Pet. 144, 148; *Matheson's Adm'r* v. *Grant's Adm'r*, 2 How. 263, 281; *Bank of United States* v. *Moss, supra; Bronson* v.

*Schulten, supra; Phillips* v. *Negley, supra; In re Wight,*
134 U. S. 136; *Wetmore* v. *Karrick, supra.* These writs
were available to bring before the court that pronounced
the judgment errors in matters of fact which had not been
put in issue or passed upon and were material to the
validity and regularity of the legal proceeding itself; as
where the defendant, being under age, appeared by
attorney, or the plaintiff or defendant was a married
woman at the time of commencing the suit, or died before
verdict or interlocutory judgment,—for, it was said, 'error
in fact is not the error of the judges and reversing it is not
reversing their own judgment.' So, if there were error in
the process, or through the default of the clerks, the same
proceeding might be had to procure a reversal. But if
the error were 'in the judgment itself, and not in the
process,' a writ of error did not lie in the same court
upon the judgment, but only in another and superior
court. Tidd, 9th ed., 1136, 1137; Stephen on Pleading,
119; 1 Roll. Abr. 746, 747, 749. In criminal cases, how-
ever, error would lie in the King's Bench whether the
error was in fact or law. Tidd, 1137; 3 Bac. Abr. (Bouv.
ed.) "Error," 366; Chitty, Crim. L. 156, 749. See *United
States* v. *Plumer,* 3 Cliff. 28, 59, 60. The errors of law
which were thus subject to examination were only those
disclosed by the record, and as the record was so drawn
up that it did not show errors in the reception or rejection
of evidence, or misdirections by the judge, the remedy
applied 'only to that very small number of legal ques-
tions' which concerned 'the regularity of the proceedings
themselves.' See Report, Royal Commission on Criminal
Code (1879), p. 37; 1 Stephen, Hist. Crim. L. 309, 310.

In view of the statutory and limited jurisdiction of the
Federal District Courts, and of the specific provisions for
the review of their judgments on writ of error, there would
appear to be no basis for the conclusion that, after the
term, these courts in common law actions, whether civil or

criminal, can set aside or modify their final judgments for errors of law; and even if it be assumed that in the case of errors in certain matters of fact, the district courts may exercise in criminal cases—as an incident to their powers expressly granted—a correctional jurisdiction at subsequent terms analogous to that exercised at common law on writs of error *coram nobis* (See Bishop, New Crim. Pro., 2d ed., § 1369), as to which we express no opinion, that authority would not reach the present case. This jurisdiction was of limited scope; the power of the court thus to vacate its judgments for errors of fact existed, as already stated, in those cases where the errors were of the most fundamental character, that is, such as rendered the proceeding itself irregular and invalid. In cases of prejudicial misconduct in the course of the trial, the misbehavior or partiality of jurors, and newly discovered evidence, as well as where it is sought to have the court in which the case was tried reconsider its rulings, the remedy is by a motion for a new trial (Jud. Code, § 269)—an application which is addressed to the sound discretion of the trial court, and, in accordance with the established principles which have been repeatedly set forth in the decisions of this court above cited, cannot be entertained, in the absence of a different statutory rule, after the expiration of the term at which the judgment was entered.

State statutes relating to the granting of new trials are not applicable. As was said by this court in *Bronson* v. *Schulten, supra*,—"The question relates to the *power* of the courts and not to the mode of procedure. It is whether there exists in the court the authority to set aside, vacate, and modify its final judgments after the term at which they were rendered; and this authority can neither be conferred upon nor withheld from the courts of the United States by the statutes of a State or the practice of its courts." See, also, *Ind. & St. L. R. R. Co.* v. *Horst*, 93

U. S. 291, 301; *Mo. Pac. Rwy. Co.* v. *C. & A. R. R. Co.*, 132 U. S. 191; *Fishburn* v. *C., M. & St. P. Ry. Co.*, 137 U. S. 60; *Fuller* v. *United States*, 182 U. S. 562, 575; *United States* v. *1621 Pounds of Fur Clippings*, 106 Fed. Rep. 161; *City of Manning* v. *German Ins. Co.*, 107 Fed. Rep. 52.

2. As the District Court was without power to entertain the application, the consent of the United States attorney was unavailing. *Cutler* v. *Rae*, 7 How. 729, 731; *Byers* v. *McAuley*, 149 U. S. 608, 618; *Minnesota* v. *Hitchcock*, 185 U. S. 373, 382. It is argued, in substance, that while consent cannot give jurisdiction over the subject matter, restrictions as to place, time, etc., can be waived. *Gracie* v. *Palmer*, 8 Wheat. 699; *Toland* v. *Sprague*, 12 Pet. 300, 331; *Ayers* v. *Watson*, 113 U. S. 594, 598; *Martin's Adm'r* v. *B. & O. R. R. Co.*, 151 U. S. 673, 688; *Rexford* v. *Brunswick-Balke Co.*, 228 U. S. 339, 344, 345. This consideration is without pertinency here, for there was no general jurisdiction over the subject matter, and it is not a question of the waiver of mere 'modal or formal' requirements, of mere private right or personal privilege. In a Federal court of competent jurisdiction, final judgment of conviction had been entered and sentence had been imposed. The judgment was subject to review in the appellate court, but so far as the trial court was concerned it was a finality; the subsequent proceeding was, in effect, a new proceeding which by reason of its character invoked an authority not possessed. In these circumstances it would seem to be clear that the consent of the prosecuting officer could not alter the case; he was not a dispensing power to give or withhold jurisdiction. The established rule embodies the policy of the law that litigation be finally terminated; and when the matter is thus placed beyond the discretion of the court it is not confided to the discretion of the prosecutor.

3. We have no occasion to enter upon the broad in-

quiry suggested by the argument as to the authority of the Circuit Courts of Appeals to issue writs of prohibition. We have no doubt of the power to issue the writ in the case stated, and we need not discuss other cases supposed. Prior to the application for a new trial in the District Court, the defendant had sued out a writ of error and the appellate jurisdiction of the Circuit Court of Appeals had attached. *Brooks* v. *Norris,* 11 How. 204, 207; *In re Chetwood,* 165 U. S. 443, 456; *Mutual Life Ins. Co.* v. *Phinney,* 178 U. S. 327, 335; *Old Nick Williams Co.* v. *United States,* 215 U. S. 541, 543. Basing the argument upon the proposition that the Government had no right of review in the Circuit Court of Appeals in a criminal case, it is urged that the Government cannot be regarded as deprived of any relief which it is entitled to seek from that court, and hence that it cannot be said that the issue of the writ was necessary for the exercise of its jurisdiction. Jud. Code, § 262. But the case was actually pending in the Circuit Court of Appeals on the defendant's writ of error, and the Government had all the rights of a litigant in that court seeking to maintain a judgment assailed. It is said that the defendant could have procured the dismissal of his writ, but in fact the writ had not been dismissed. It is said, also, that the consent to the hearing by the District Court of the application for a new trial operated as a waiver of any rights the Government could have in the Circuit Court of Appeals. This conclusion is sought to be derived from the asserted efficacy of the consent in the lower court, and, as we have seen, it had no efficacy there, and it had no reference whatever to the proceedings in the higher court. The defendant was still insisting upon his rights as plaintiff in error in the Circuit Court of Appeals, and the United States, as the opposing party in that court, was entitled to its aid in order to preserve the integrity of the record and to prevent unauthorized action by the court below with respect to the judgment

under review. For this purpose, the writ of prohibition was the appropriate remedy.

We answer question I-A in the affirmative, and questions II and III in the negative. Question I-B involves an inquiry not raised by the case made and is not answered.

*It is so ordered.*

MR. JUSTICE McREYNOLDS took no part in the consideration and decision of this case.

