**In re CYR.**

**In re KIRKPATRICK.**

**In re WHITELOCK.**

**In re LOWMON.**

**Nos. 2167, 2072, 2048, 2095.**

District Court, N. D. Indiana.

Feb. 25, 1935.

See, also, In re Lowman (D. C.) 8 F. Supp. 886.

In No. 2167:

H. C. Lust, of Fowler, Ind., for farmer-debtor.

Stuart, Stuart & Devol, of Lafayette, Ind., for John Hancock Mut. Life Ins. Co.

In No. 2072:

W. W. Sharpless, of Garrett, Ind., for farmer-debtor.

Rex S. Emerick, of Kendallville, Ind., for creditor Ida L. Miller.

In No. 2048:

Samuel E. Cook, of Huntington, Ind., for farmer-debtor.

Bowers, Feightner & Bowers, of Huntington, Ind., for Department of Financial Institutions of State of Indiana.

In No. 2095:

Otto Gresham, of Chicago, Ill., for debtor.

Draper & Draper, of Gary, Ind., amicus curiæ.

H. C. Lust, of Fowler, Ind., amicus curiæ.

Stuart, Stuart & Devol, of Lafayette, Ind., for Lafayette Life Ins. Co.

Vesey, Shoaff & Hoffman, of Fort Wayne, Ind., amicus curiæ in all four cases.

SLICK, District Judge.

In four cases under consideration the constitutionality of subsection (s) of section 75 of the Bankruptcy Act, commonly known as the "Frazier-Lemke Amendment," 11 USCA § 203 (s), is directly challenged, and the heavy responsibility is placed upon this court to decide this very important question fraught with consequences far reaching in effect and affecting the property rights not only of the principal litigants, but of many others in this jurisdiction in similar circumstances.

The law is new and there are no decisions of courts of final resort to guide; no beacon lights to point the way. I have often wondered why the beneficial effects of section 346, title 28 USCA (Judicial Code, § 239, as amended), have never been extended to the District Courts. This section reads as follows: "In any case, civil or criminal, in a circuit court of appeals, or in the Court of Appeals of the District of Columbia, the court at any time may certify to the Supreme Court of the United States any questions or propositions of law concerning which instructions are desired for the proper decision of the cause; and thereupon the Supreme Court may either give binding instructions on the questions and propositions certified or may require that the entire record in the cause be sent up for its consideration, and thereupon shall decide the whole matter in controversy in the same manner as if it had been brought there by writ of error or appeal." This law in its practical operation has been in effect since 1891, when a similar act was passed. It was re-enacted in 1911, and by the act of 1925 the present statute was put into effect.

The present uncertainty as to the constitutionality of the law under consideration in these cases furnishes a good example of the desirability of extending the act, permitting certification, to the District Courts. There is a great contrariety of opinion among courts and lawyers on the question of the validity of subsection (s), section 75 of the Bankruptcy Act.

No figures as to the number of cases pending under this law in the District Courts are available; but there are many, and they are rapidly increasing. There are twenty-nine cases pending in this district with the prospects good for the filing of eighty-five more in the very near future. It is of extreme importance that this troublesome question be judicially settled at the

earliest possible date. Information, official and unofficial, is to the effect that eight District Courts and one Circuit Court of Appeals have upheld the law, and that two District Courts have decided against its constitutionality.

Justice demands a speedy and final decision, and the aims of justice would be best served by this court certifying the question to the Circuit Court of Appeals for a decision, which would be final—at least in this circuit until the Supreme Court decides otherwise.

It may be argued that trial judges might take advantage of such a privilege and congest the dockets of the Circuit Courts of Appeal, but I am not willing to admit this. So far as this court is advised, no such complaint has been lodged against the present law applicable to the Circuit Court of Appeal and the Supreme Court.

Many cases have been certified to the Supreme Court under section 346, title 28 USCA. The Supreme Court has always had full and complete control and have laid down certain rules applicable to such proceeding. It early provided that the points certified must be questions of law only and not involve mixed questions of law and fact. In Chicago, Burlington & Quincy R. R. Co. v. Williams, 205 U. S. 444, 27 S. Ct. 559, 51 L. Ed. 875, the Supreme Court ruled that it had no jurisdiction to answer the questions certified because the question presented was one of mixed law and fact. Mr. Justice Brewer, however, dissented.

A case involving parties of the same names found in 214 U. S. 492, 495, 29 S. Ct. 514, 515, 53 L. Ed. 1058, was sent back to the Circuit Court of Appeals for the reasons stated in the previous decision. In this case, however, Mr. Justice Holmes dissented and Justices White and Moody concurred in the dissenting opinion. Mr. Justice Holmes said: "I think that such questions are to be encouraged as a mode of disposing of cases in the least cumbersome and most expeditious way."

If such a provision were extended to the District Courts, the Circuit Courts of Appeal could, of course, refuse to rule upon improper questions or questions improperly submitted, and it is my opinion that such a provision would tend to lessen the work of the Circuit Court of Appeal by preventing appeals in many instances.

There being no legal method for certifying the question of the constitutionality of this law for an advance ruling, it becomes the duty of this court to rule on the question, knowing full well that in due time the question will reach the Circuit Court of Appeals for this circuit from this or some other district and that it is practically certain to reach the Supreme Court from this or some other circuit.

■ It is elementary that all courts will sustain a law, as the expressed will of the lawmaking body, if this can be done without doing violence to the Constitution. This applies particularly to courts of original jurisdiction, trial courts.

The Constitution, which, among other things, was adopted to "insure domestic Tranquillity" and "promote the general Welfare," provides that: Article 1, § 1. "All legislative Powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives." Article 2, § 1. "The executive Power shall be vested in a President." Article 3, § 1. "The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish."

Here we have expressed in simple, concise language a clear division of authority and power. It is no more the function of a court to legislate than of the Congress to interpret or execute. It is not one of the duties, or within the powers of the court, to pass upon the wisdom of enacting a law. That responsibility rests upon Congress.

Having in mind those duties and prerogatives and keeping also in mind that it is the duty of the court to sustain an act of Congress, unless it clearly appears that the act runs counter to constitutional limitations, I am of the opinion that the act should be upheld as constitutional.